**EXCELSIOR COLLEGE, Plaintiff,**

v.

**Charles M. FRYE, Professional Development Systems School of Health Sciences, West Haven University, Defendants.**

**Civ. No. 04CV0535WQHLSP.**

United States District Court,
S.D. California.

Feb. 14, 2006.

**584**

Alana M. Fuierer, Heslin Rothenberg Law Firm, Albany, NY, David P. Miranda, John L. Haller, Gordon and Rees, San Diego, CA, for Plaintiff.

Charles M. Frye, Cypress, CA, Kenneth C. Simonian, Law Office of Kenneth C. Simonian, Huntington Beach, CA, for Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (214–1)

PAPAS, United States Magistrate Judge.

Pending before the Court is a motion filed by Plaintiff Excelsior College requesting Defendants Charles Frye, Professional Development Systems School of Health Sciences and West Haven University be compelled to produce certain information or documentation regarding their liability policy with Zurich Insurance. For good cause appearing and the reasons set forth below, the Court DENIES Plaintiff's motion.

### *INTRODUCTION*

Plaintiff and Defendants are in the business of preparing individuals to enter the field of nursing. By way of this lawsuit, Plaintiff alleges Defendants misappropriated, copied and used Plaintiff's copyright and trademark protected "Nursing Concepts Examinations and Questions" preparatory material as the primary medium for operating their businesses.

The parties' deadline for completion of discovery was May 6, 2005. All motions were to be filed so as to be heard by December 19, 2005. On January 23, 2006, Plaintiff made an ex parte application requesting relief from the motion hearing deadline in order to file this motion. The application was granted and the Court agreed to hear the matter on shortened time.

Plaintiff's motion was filed on January 30, 2006. Defendants oppose the motion by way of brief filed February 3, 2006. Plaintiff submitted a Reply brief on February 6, 2006. The Court has reviewed the aforementioned briefs and supporting exhibits and concluded Plaintiff's motion is appropriate for determination without oral argument, pursuant to Civil Local Rule 7.1.d.1.

## DISCUSSION

Plaintiff moves to compel insurance information that it contends it is entitled to pursuant to Fed.R.Civ.P. Rule 26(a)(1)(D). Defendants previously provided Plaintiff with a copy of their insurance policy with Zurich Insurance. Plaintiff claims additional insurance agreements must exist because Defendants' insurance retained counsel discontinued their representation in December 2005. At that time, Plaintiff's counsel was informed the change of counsel was consistent with an agreement between Defendants and Zurich. Dec. of David Miranda, Esq., dated Jan. 30, 2006, para. 5. Plaintiff contends these agreements are subject to the disclosure requirement of Rule 26(a)(1)(D) and must be produced.

### I. Scope of Mandatory Disclosure of Insurance Information under Rule 26(a)(1)(D)

The sole issue before the Court is whether Rule 26(a)(1)(D) entitles Plaintiff to additional information regarding Defendants' liability insurance.[1] Rule 26(a)(1)(D) mandates a party's disclosure of

> any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. F.R.C.P. Rule 26(a)(1)(D).

Plaintiff contends the language "any insurance agreement" mandates the disclosure of all agreements relating to insurance. This interpretation, however, is not supported by plain language of the rule, its historical underpinnings, or case law.

A plain reading of Rule 26(a)(1)(D), indicates it is clearly designed for parties to produce documentation of any insurance policies that give rise to an insurer's obligation to indemnify or hold its insured harmless for a judgment. Likewise, the legislative history supports this interpretation. Rule 26(a)(1)(D) was last modified in 1993. This subsection had previously been Rule 26(b), and was titled "Insurance Policies," although the text of the rule remains virtually the same. When the rule was renumbered as a sub-subsection of Rule 26(a), the heading was dropped—making it consistent with other sub-subsections of Rule 26. The Advisory Committee Notes to the 1993 Amendments indicate the drafters intended the rule to continue to apply to insurance policies. Specifically, the notes state in relevant part "(s)ubparagraph (D) [of paragraph (a)(1) ] replaces subdivision (b)(2) of Rule 26, and provides that **liability insurance policies** be made available for inspection and copying." (emphasis added)

Case law does not support an extension of the requirements of Rule 26(a)(1)(D), beyond its plain meaning.[2] Not surprisingly, there is no published case law defining specifically what insurance information must be produced pursuant to Rule 26(a)(1)(D), and what is not required. Most cases in which there is a dispute as to whether a party must produce certain insurance information involve circumstances in which a formal discovery request was issued, which is not the case here.

Although reported cases do not address this issue, unpublished opinions exist that refute Plaintiff's claim Rule 26(a)(1)(D) re-

---

1. The Court recognizes there may be other procedural mechanisms for obtaining information or documentation from a party regarding its insurance. *See* e.g. Fed.R.Civ.P. Rule 30, 31, 33 and 34. Plaintiff, however, has not requested the information through one of these means, so the question as to whether the information Plaintiff seeks is discoverable is beyond the purview of this order.

The Court further notes that while Fed.R.Civ.P. Rule(a)(1)(A–C) impose mandatory disclosure obligations on a party, these subsections are not at issue here.

2. The cases Plaintiff cites are not controlling on the subject:

In addition to being an unpublished and out of the district opinion, in *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.* 2003 WL 22110281 (S.D.N.Y.), the primary issue was whether the insurance documents sought were discoverable, not whether their disclosure was mandated by Rule 26(a)(1)(D).

Likewise, *Norton v. Superior Court of California,* 24 Cal.App.4th 1750, 30 Cal.Rptr.2d 217 (1994), also does not address the disclosure requirements of Rule 26.

quires Defendants to produce more insurance information than it already has. See *Native American Arts v. Bundy-Howard*, 2003 WL 1524649, 2003 U.S. Dist. LEXIS 4393 (N.D.Ill.2003), (finding Rule 26(a)(1)(D)'s reference to "any insurance agreement" did not embrace an insurer's reservation of rights letter, and holding the plaintiff was entitled to nothing more than the insurance policies themselves); See also, *All AT & T Corp. Fiber Optic Plaintiffs v. All AT & T Corp. Fiber Optic Defendants*, 2002 U.S. Dist. LEXIS 11219 (D.Ind.) (Rule 26(a)(1)(D) does not require the disclosure of AT & T's settlement agreement with its insurers, pursuant to which the insurers did not have an obligation to indemnify AT & T or otherwise satisfy a judgment against it.) While these opinions are not binding, their analysis is consistent with the Court's interpretation that Rule 26(a)(1)(D), merely requires the disclosure of an insurance policy or other agreement that gives rise to an insurer's obligation to indemnify or hold its insured harmless for a judgment, and does not require the production of all agreements relating to insurance, as Plaintiff posits.

## II. The Documents Plaintiff Seeks Exceed the Scope of Rule 26(a)(1)(D)

Defendants previously produced a copy of their liability insurance policy with Zurich to Plaintiff, in compliance with Rule 26(a)(1)(D). By way of this motion, Plaintiff now seeks to obtain the following additional information:

1. All agreements relating to Zurich's liability to satisfy all or part of a judgment which may be entered in the instant action or to indemnify or reimburse payments made to satisfy any such judgment;

2. Any release or settlement with any Defendant, of Zurich's obligations or liability under the policy;

3. All documents setting forth the amount of the policy remaining to satisfy any judgment in the instant action;

4. All documents relating to the above. (Plaintiff's Motion)

Two of the categories of information Plaintiff seeks are well beyond the scope of Rule 26(a)(1)(D). Category No. 2 calls for information regarding any release of Zurich's obligations under the policy. This clearly exceeds the scope of Rule 26(a)(1)(D), which only mandates the production of agreements that may create an obligation on Zurich's part, not any agreements that may negate such an obligation. Additionally, Category No. 3 calls for information regarding the remaining policy limits—information that is also clearly not called for by the rule.

Category No. 1, which is simply a restatement of Rule 26(a)(1)(D), is the only information category that does not exceed the scope of the rule. Defendants have already produced the Zurich policy and state they have no additional documentation that falls under this category of information. There is no reason to question the accuracy of that representation. Thus, there is no reason to believe Defendants have not satisfied their obligations under Rule 26(a)(1)(D).

### CONCLUSION

Based on the foregoing, Plaintiff's motion to compel is DENIED.